# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JOHN F. MULLINGS**
**United States Army, Appellant**

ARMY 20100925

Headquarters, U.S. Army Maneuver Support Center of Excellence
Charles D. Hayes, Military Judge
Colonel James R. Agar, II, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain Kenneth W. Borgnino, JA (on brief).

4 October 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A panel of officers, sitting as a general court-martial, convicted appellant, contrary to his pleas, of three specifications of failure to obey an order, assault consummated by battery, housebreaking, and adultery, in violation of Articles 92, 128, 130 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, 930, 934 (2006) [hereinafter UCMJ].  *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 62.b.  The panel sentenced appellant to a bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances for eight months, and reduction to the grade of E-4.  The convening authority approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ.  Appellant assigns four errors and raises an additional matter pursuant to *United States v. Grostefon*, 12

M.J. 431 (C.M.A. 1982).[*] Two of appellant's assigned errors possess merit and warrant brief remark.

Appellant here asserts that the evidence is legally and factually insufficient to support conviction for that portion of specification 1 of Charge I finding that appellant wrongfully contacted Miss B. The government concedes the point and we agree that the evidence is legally insufficient to support the finding of guilty as to that language in the specification concerned and will therefore take corrective action in our decretal paragraph. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)).

In relation to the charged adultery under Article 134, UCMJ, and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we are required to disapprove the findings of guilt as to Charge IV and its specification. That specification did not contain an allegation of a terminal element under Article 134, UCMJ, nor is there anything in the record to satisfactorily establish notice of the need to defend against a terminal element as required under *Humphries*. Therefore, we now reverse appellant's conviction for adultery under Article 134, UCMJ, and dismiss the defective specification which failed to state an offense in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).

## CONCLUSION

The findings of guilty of Charge IV and its specification are set aside and dismissed. The court affirms only so much of the finding of guilty of Specification 1 of Charge I as finds that appellant "having knowledge of a lawful order issued by Captain [TJ], to wit: Military Protective order issued to Sergeant First Class Mullings protecting [DB], dated 25 January 2010, an order which it was his duty to obey, did, at or near Saint Robert, Missouri, on or about 17 April 2010, fail to obey the same by wrongfully communicating with Miss [DB], and coming within 100 feet of Miss B." The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in

---

[*] By footnote to his statement of the case, appellant points out, among other things, that the convening authority, in his action, failed to address credit for pretrial confinement, ordered by the military judge. While this fails to conform to regulatory requirement (Army Reg. 27-10, Legal Services: Military Justice, para. 5-32a (16 Nov. 2005)), appellant does not allege prejudice and neither asserts the failure as error, nor complains about it pursuant to *Grostefon*. The record reveals that the staff judge advocate's recommendation and the result of trial correctly note appellant's confinement credit. Absent assertion or evidence to the contrary, we conclude that appellant properly received that credit.

accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court